**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| SPINDY CHARLATAN and MARIE SAINVIL, | : | |
| | : | |
| **Plaintiffs,** | : | |
| VS. | : | NO. 7:19-CV-00199-WLS-TQL |
| | : | |
| CLAYTON COUNTY GOVERNMENT, *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## ORDER AND RECOMMENDATION

In accordance with the Court's order to show cause why this case should not be dismissed for failing to comply with the Court's previous orders and instructions, Plaintiffs have responded by stating that they did not receive the Court's order to amend.  At this time, the undersigned therefore declines to recommend dismissal of this action for failure to comply.  For the following reasons, however, the undersigned **RECOMMENDS** that Plaintiff Sainvil be dropped from this action pursuant to Federal Rule of Civil Procedure 21 and that her motion to proceed *in forma pauperis* (ECF No. 4) be **DENIED as moot**.  In addition, Plaintiff Charlatan is **ORDERED** to recast his Complaint on the Court's standard form, and either pay the Court's filing fee or file a motion for leave to proceed *in forma pauperis* if he wishes to proceed with this action.

### I.      Recommendation to Drop Plaintiff Sainvil as a Party

Plaintiffs' Complaint raises claims concerning Plaintiff Charlatan's arrest, his incarceration at the Irwin Detention Center, and his subsequent deportation and

imprisonment in Haiti.[1]  Compl. 2-5, ECF No. 1.  Plaintiff Sainvil does not appear to raise any claims personal to her in this action.  Rather, it appears she may wish to prosecute this case for or on behalf of her son.

In order to have standing to sue a defendant, a plaintiff must "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant" and must generally "assert his own legal interests rather than those of third parties."  *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 99 (1979) (internal quotation marks omitted).  An exception to this general principle is that "an incompetent person who does not have a duly appointed representative may sue by a 'next friend.'"  *Harris v. Buckhorn*, 545 F. App'x 862, 863 (11th Cir. 2013) (per curiam) (citing Fed. R. Civ. P. 17(c)(2)).  "Next friend standing is not granted automatically to whoever seeks to pursue an action on behalf of another."  *Id.*  Instead, to litigate an action on another's behalf, a party "[1] must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action[,] . . . [2] must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, . . . and [3] must have some significant relationship with the real party in interest."  *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990); *see also Harris*, 545 F. App'x at 863 (applying *Whitmore* standard in the context of a § 1983 case).

---

[1] Plaintiff Charlatan's name is also spelled "Charlotin" in various documents filed with the Court.  *See, e.g.,* Compl. 1, ECF No. 1.

In this case, Plaintiff Sainvil has not pleaded facts showing that she has personally suffered some actual or threatened injury due to Defendants' allegedly illegal conduct, nor has she asserted her own legal interests.   In addition, Plaintiff Sainvil does not expressly allege that she intends to serve as her son's "next friend," explained why Plaintiff Charlatan cannot appear on his own behalf, or made the requisite showing that she is dedicated to her son's best interests.  *See id.* ("A party seeking to establish next friend status bears the burden of establishing the propriety of such status and thereby justifying the jurisdiction of the court.").   Plaintiff Sainvil has therefore failed to establish that she has standing to prosecute this action, and it is accordingly **RECOMMENDED** that she be dropped as a party from this case.   Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").    It is additionally **RECOMMENDED** that Plaintiff Sainvil's motion for leave to proceed *in forma pauperis* be **DENIED as moot** since the only information it contains is relevant to her own income and expenses.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable W. Louis Sands, Senior United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.   The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal

conclusions to which no objection was timely made.   *See* 11th Cir. R. 3-1.

**II.     Order to Recast**

To the extent Plaintiff Charlatan wishes to pursue his own claims, he will be required to recast his Complaint on the Court's standard form.   The Clerk is **DIRECTED** to mail a copy of the Court's standard § 1983 form to Plaintiff Charlatan for this purpose. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in the present lawsuit.   Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action.   Plaintiff must then list each defendant again in the body of his complaint and tell the Court exactly how that individual violated his constitutional rights.   Plaintiff should state his claims as simply as possible and need not attempt to include legal citations or legalese.   If, in his recast complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed.   Likewise, if Plaintiff makes no allegations in the body of his recast complaint against a named defendant, that defendant will be dismissed.   **The recast complaint will supersede (take the place of) the original Complaint (ECF No. 1) in this case.**   The Court will not look back to that original complaint to determine whether Plaintiff has stated an actionable constitutional claim.

Plaintiff Charlatan must also either pay the Court's $400.00 filing fee or prepare and submit a motion for leave to proceed *in forma pauperis* if he seeks leave to proceed without paying that fee.   Because Plaintiff Sainvil has indicated that Plaintiff Charlatan is no

longer in jail, the Clerk of Court is **DIRECTED** to provide Plaintiff with a copy of the non-prisoner pauper's affidavit, marked with the case number for the above-captioned action, that he may use for this purpose. Plaintiff Charlatan shall have **TWENTY-ONE (21) DAYS** from the date of this Order to file his recast Complaint, and to either pay the filing fee or seek to proceed IFP.  Plaintiff Charlatan should also notify the Court in writing of any change in his mailing address.  **Failure to fully and timely comply with the Court's orders and instructions may result in the dismissal of this action.**  There shall be no service in this case until further order of the Court.

   **SO ORDERED AND RECOMMENDED**, this 23rd day of November, 2020.


       s/*Thomas Q. Langstaff*
       UNITED STATES MAGISTRATE JUDGE