**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| SPINDY CHARLATAN and MARIE SAINVIL, | : | |
| | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CASE NO.: 7:19-cv-199 (WLS) |
| | : | |
| CLAYTON COUNTY GOVERNMENT, *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

Before the Court is Plaintiff Marie Sainvil's Motion for Leave to Proceed *in forma pauperis* ("IFP"), filed January 22, 2020 (Doc. 4). Also before the Court is United States Magistrate Judge Thomas Q. Langstaff's Order and Recommendation, filed November 23, 2020 (Doc. 8). For the reasons below, Judge Langstaff's Recommendation (*id.*) is **ACCEPTED** and **ADOPTED**, Sainvil is **DISMISSED WITHOUT PREJUDICE** from this lawsuit, and her Motion for Leave to Proceed IFP (Doc. 4) is **DENIED WITHOUT PREJUDICE AS MOOT**.

Plaintiffs initiated this action by filing, on November 21, 2019, a self-drafted complaint that appears to assert various civil rights claims under 42 U.S.C. § 1983 and other laws. (Doc. 1.) Plaintiffs are *pro se*, meaning that they are not represented by lawyers. The Complaint alleges that Plaintiff Charlatan[1] was discriminated against by Defendants when he was arrested, detained, and deported. (*Id.*) The Complaint names Sainvil, who is Charlatan's mother, as a Plaintiff—but the Complaint alleges no facts or claims personal to her. (*Id.*) As best the Court can tell, Sainvil wishes to prosecute this case for, or on behalf of, her son.

On January 22, 2020, Sainvil filed the present Motion for Leave to Proceed IFP (Doc. 4.) The motion is signed by her alone. (*Id.*) Charlatan, meanwhile, has neither filed his own motion to proceed IFP nor paid the filing fee required for this lawsuit.

---

[1] Charlatan's name is also spelled as "Charlotin" in various documents filed with the Court.

On March 12, 2020, Judge Langstaff ordered Plaintiffs to amend the Complaint to clarify whether Charlatan was a prisoner at the time that this lawsuit was filed. (Doc. 5.) Plaintiffs failed to respond at all, so Judge Langstaff ordered, on April 28, 2020, that Plaintiffs show cause within twenty-one days why this lawsuit should not be dismissed for failure to comply with court orders. (Doc. 6.) Plaintiffs failed to respond to that Order within twenty-one days. However, they eventually responded on June 2, 2020, stating that they "never received any correspondence from this Court requiring Plaintiffs to amend the law-suit." (Doc. 7.) Plaintiffs noted that Charlatan is "no longer in prison" but failed to clarify, as ordered, whether he was in prison when this lawsuit was filed on November 21, 2019. (*Id.*)

Rather than dismiss the lawsuit for failure to follow court orders, Judge Langstaff issued the pending Order and Recommendation on November 23, 2020, ordering Charlatan to recast his complaint on the Court's standard form complaint and either pay the filing fee or move to proceed IFP. (Doc. 8 at 4–5.) Judge Langstaff also found that, because Sainvil asserts no facts or claims personal to her, she lacks standing to be a plaintiff in this action. (*Id.* at 1–4.) Judge Langstaff accordingly recommends that she be dismissed from this lawsuit.

Pursuant to 28 U.S.C. § 636, Judge Langstaff allowed fourteen days for Plaintiffs to file objections to his Recommendation. (*Id.* at 9.) Plaintiffs filed no objection within fourteen days. After about twenty-one days, however, Plaintiffs moved (untimely) for an extension of time to file an objection. (Doc. 9.) Judge Langstaff granted Plaintiffs' request in part. (Doc. 10.) Ultimately, Plaintiffs never filed an objection.

Charlatan also failed to recast his complaint as instructed. Consequently, Judge Langstaff ordered, on February 1, 2021, that Charlatan show cause within twenty-one days why this lawsuit should not be dismissed for failure to follow court orders. (Doc. 11.) Charlatan failed to respond within twenty-one days. But on March 26, 2021, he filed a response (untimely) in which he objected to Judge Langstaff's assignment over this case, demanded his removal, and refused to follow his orders. (Doc. 12 ("Plaintiff Spindy Charlotin is unable to provide a response to this court due to the fact that the demand does not comply with the law.").)

This Court now addresses the issues raised above. As an initial matter, Charlatan is wrong that Judge Langstaff's assignment to this case is a "violation of federal law." (*Id.* at 1.)

2

Judge Langstaff is empowered to preside over this case under 28 U.S.C. §§ 631 *et seq.*, including § 636 (Jurisdiction, Powers, and Temporary Assignment). Under these federal laws, Judge Langstaff is specifically authorized, and indeed designated by this Court, to "hear and determine any pretrial matter pending before the court" except for certain dispositive matters. 28 U.S.C. § 636(b)(1)(A). Judge Langstaff's determinations on such non-dispositive matters are binding and carry the same force as an order by this Court. *Id.* Judge Langstaff is further authorized, and designated by this Court, to "submit to a judge of the court . . . recommendations for the disposition, by a judge of the court, of any motion." 28 U.S.C. § 636(b)(1)(B). Judge Langstaff has acted within his authority here. Accordingly, Charlatan's objection to Judge Langstaff's assignment over this lawsuit (Doc. 12) is meritless and **OVERRULED**.

With that matter resolved, the Court considers Judge Langstaff's Recommendation (Doc. 8) that Sainvil be dismissed from this lawsuit because she lacks standing to be a plaintiff. As noted, Plaintiffs have not objected to the substance and merits of the Recommendation. Upon full review and consideration of the Recommendation (*id.*) and the record, and finding neither plain error nor manifest injustice in the Recommendation, *see United States v. Aponte*, 461 F. App'x 828, 830 n.2 (11th Cir. 2012), the Court agrees with Judge Langstaff that Sainvil lacks standing to be a plaintiff in this case. In addition, Sainvil is not allowed to remain a plaintiff in this lawsuit in order to prosecute it for, or on behalf of, her son because Sainvil is not a lawyer licensed to practice law in this jurisdiction. Accordingly, the Recommendation (Doc. 8) is **ACCEPTED**, **ADOPTED**, and made the Order of this Court for reason of the findings made and reasons stated therein. Plaintiff Sainvil is **DISMISSED WITHOUT PREJUDICE** from this case and her Motion to Proceed IFP (Doc. 4) is **DENIED WITHOUT PREJUDICE AS MOOT**.

Finally, the Court observes that Charlatan, who is now the only remaining Plaintiff, has repeatedly failed to follow court orders and comply with the deadlines set by the Court. That has significantly delayed this case, which was filed in November 2019. Although *pro se* Parties must follow all rules of the court and are not exempt from deadlines, the Court has already afforded Charlatan considerable leniency and multiple second chances. (*E.g.* Docs. 8; 10.) The Court will now, on its own, give Charlatan one last chance. Charlatan is granted an extension

3

of time to comply with Judge Langstaff's Order to Show Cause (Doc. 11) and is **ORDERED** to do so **by no later than twenty-one (21) days from the date of entry of this Order, or by no later than Tuesday, May 11, 2021**. Charlatan shall be granted no more extensions; any failure to comply within this time period will not be excused unless Charlatan shows extraordinary cause that was not reasonably foreseeable. Charlatan is again **NOTICED** that, if he fails to follow the Court's orders, his lawsuit may be dismissed **in its entirety** without further notice or proceedings.

Charlatan is reminded that he must follow all orders and instructions of Judge Langstaff as if ordered by this Court. If Charlatan believes that Judge Langstaff has exceeded his lawful authority, Charlatan must object or seek reconsideration, timely, in accordance with the procedures set out in 28 U.S.C. § 636 and must state specifically how Judge Langstaff has exceeded a particular law or authority. Failure to do so may result in the Court disregarding Charlatan's objection or motion for reconsideration.[2]

**SO ORDERED**, this ___20th___ day of April 2021.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] In Charlatan's Objection to Judge Langstaff's assignment here (Doc. 12), Charlatan raises only general, nonspecific arguments. For instance, he states that Judge Langstaff's assignment to this case "violate[s] Plaintiff's rights" and "is a profound violation of federal law," but without saying which rights or federal laws are being violated. Charlatan also asserts, vaguely, that his "Fourteenth Amendment Right to redress, procedural due process and equal protection of law, were also violated," but does not explain exactly how so. These generalizations are insufficient. The Court will not consider any future arguments that are similarly general or vague. Rather, Charlatan must develop *specific* arguments for why he is entitled to whatever relief he requests.